UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA LETICIA CASTANON GARCIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ST. MARY'S MEDICAL CENTER, et al., <br><br> Defendants. | Case No. 24-cv-00058-VC <br><br> **ORDER DENYING MOTIONS TO DISMISS** <br><br> Re: Dkt. Nos. 36, 45 |

      The motions to dismiss are denied. This order assumes the reader's familiarity with the facts, the relevant legal standards, and the arguments made by the parties.

      1. St. Mary's motion to dismiss is denied because the complaint alleges sufficient facts to support an inference of ostensible agency, which is enough at this stage in the litigation. The plaintiffs have alleged that treatment for Reyes was sought at the hospital. *Mejia v. Community Hospital of San Bernadino*, 99 Cal. App. 4th 1448, 1458 (2002). The complaint provides no reason to believe that Reyes (or the police officers who brought him to St. Mary's) sought treatment specifically from Tran, rather than from St. Mary's. *See Markow v. Rosner*, 3 Cal. App. 5th 1027, 1038–39 (2016).

      St. Mary's is right that the complaint does not specifically allege that Reyes was *not* notified that Tran was not an employee or agent of St. Mary's. But given that a plaintiff is not even "required to allege evidentiary facts to support the allegation of agency in the pleading stage," it doesn't appear that it needed to. *See Dones v. Life Insurance Company of North America*, 55 Cal. App. 5th 665, 685 (2020). And the complaint implies that such notice would

likely have been ineffective anyway, given its allegations that Reyes was "suffering from a drug overdose," was involved in a car accident, and then was taken to the hospital—by police—to be attended to by an emergency physician. *See Whitlow v. Rideout Memorial Hospital*, 237 Cal. App. 4th 631, 637 (2015). If Reyes did in fact receive effective notice, St. Mary's can assert that as a defense at a later stage in the case.

2. Tran's motion to dismiss is also denied. Her motion argues that the plaintiffs' claim against her is barred by the statute of limitations. But the statute of limitations is an affirmative defense that can only be raised in a motion to dismiss if it is apparent from the face of the complaint. *E.g.*, *Seven Arts Filmed Entertainment Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013). That isn't the case here: the plaintiffs alleged that they gave some notice of intent to sue, and looking only to the complaint, it isn't apparent that the address to which notice was sent isn't Tran's proper address (or that the plaintiff didn't comply with the notice requirement in some other way). If the notice given was in fact inadequate, Tran is free to reraise this issue in a motion for summary judgment. And at the case management conference, Tran is free to suggest that discovery initially be limited to this issue.

**IT IS SO ORDERED.**

Dated: September 10, 2024

_____
VINCE CHHABRIA
United States District Judge