UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA LETICIA CASTANON GARCIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ST. MARY'S MEDICAL CENTER, et al., <br><br> Defendants. | Case No. 24-cv-00058-VC   (TSH) <br><br> **DISCOVERY ORDER** <br><br> Re: Dkt. No. 109 |

Defendant Katherine Tran has a theory. She observes that in the Complaint, First Amended Complaint and Second Amended Complaint, Plaintiffs allege that "[a] timely Notice of Intent to Sue letter was submitted to St. Mary's Medical Center regarding the conduct of Defendant Katerine Tran." ECF Nos. 1 ¶ 16 (Complaint), 26 ¶ 16 (FAC), 85 ¶ 18 (SAC). If that unchanging allegation is true, she thinks the notice was defective because it was supposed to be sent to a different address, and therefore (she believes) the claim against her is time-barred. Imagine her surprise when she received in discovery a picture of a purportedly timely notice of intent to sue (ECF No. 110, .pdf page 14) accompanied by a proof of service that listed what she claims is her correct mailing address (*id.*, .pdf page 18). Tran's theory is that Plaintiffs' counsel, Stanley Goff, had no idea he mailed the notice to what Tran thinks is the wrong address until he got her motion to dismiss, which raised this issue, and then he created the second notice of intent to sue and proof of service and fraudulently back dated them to October 3, 2023.

It's quite an accusation. Tran asked for the notices and the metadata of the notices in discovery, but all she got were pictures that someone took with their phone. Tran now seeks several items: the notices themselves (not just pictures of them); metadata for the notices, meaning electronic information about the documents, which would presumably include their creation date; and metadata for the pictures.[1] The Court **DENIES** the request for metadata of the pictures because it doesn't matter when the pictures were taken, and also because the time and date stamp is on the top right of each picture already. The Court **GRANTS** the request as to the notices, as Tran is entitled to documents, not just pictures of documents.

Now let's turn back to the metadata about the notices. There is no need for metadata about the notice and proof of service concerning the letter that went to St. Mary's, as no one claims that was fraudulently back dated. The real issue is the metadata for the notice and proof of service that allegedly went to Bon Air Road.

In response, Plaintiffs make two arguments: the metadata is work product, and it doesn't exist anymore. For the sake of argument, the Court will assume that metadata for documents created by litigation counsel is attorney work product. The Court thinks that Tran has shown she has a substantial need for the materials to prepare her defense and cannot, without undue hardship, obtain the substantial equivalent of this metadata by other means. *See* Fed. R. Civ. Proc. 26(b)(3)(A). The metadata for the notice and proof of service is likely the only way to show whether those documents are back dated, short of Plaintiffs' counsel confessing. Still, the Court "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. Proc. 26(b)(3)(B). In the specific context of this case, the Court does not think that the creation date for the notice and the proof of service reveal any of that type of information. The creation date does not even reveal when counsel was retained or what claims he was investigating because the notice mailed to St. Mary's already revealed that. The Court does not know what other information might be contained in the metadata, but the Court thinks that if any of it would reveal 26(b)(3)(B)

---

[1] These items are responsive to Tran's RFPs 2, 3 and 16-19.

1   material, Plaintiffs may redact that portion of the metadata (but again, Plaintiffs cannot redact the
2   creation date because the Court has determined that in the context of this case that is not
3   26(b)(3)(B) material.).[2]

4   So now we come to Plaintiffs' counsel's claim that he "changed his work computer in
5   2024 – after his previous computer crashed. Plaintiffs' counsel has been unable to recover the
6   original Notice of Intent to Sue files. As such, no such metadata exists." ECF No. 109 at 6.

7   At the hearing, Goff stated that the computer at issue was his work laptop, which was an
8   old HP model. He said that one day it wouldn't turn on. He spoke to some IT professionals over
9   the phone and they advised him just to get a new computer, so he threw the old one in the trash.
10  Goff was not able to identify what exactly went wrong with his computer, but said the IT
11  professionals mentioned some sort of tech thing, and he couldn't remember what it was. He said
12  that all of his work documents were on that laptop, and many but not all were backed up to flash
13  drives. He said he irretrievably lost not just the notice of intent in this case but also work
14  documents in other cases he has. He said he did not have any IT professional look at or inspect his
15  laptop to see if it could be fixed or the documents on it retrieved.

16  The Court does not believe the computer crash story. Preliminarily, the story starts with an
17  implausible background assumption that Goff does not automatically back up his work documents,
18  for example, by storing them in cloud storage. The idea is that he literally saved his legal
19  documents *on* his laptop, rather than on any sort of network, and they existed only on that laptop
20  until he copied them over to flash drives for back up. No one would manage their legal practice
21  that way. Laptop computers get stolen all of the time, and cloud storage is dirt cheap. Not just
22  responsible attorneys, but also irresponsible attorneys, or really anyone at all with common sense,
23  understand why you wouldn't want a unique copy of a document that you care about to exist on
24  only one specific machine.

25  Second, the vaguely described computer crash is implausible. Bad things can happen to

---

[2] Plaintiffs alternatively argue that because their claim against Tran arises under state law, California Code of Civil Procedure 2018.030 applies. However, the Court's analysis applies equally under state law. Tran is entitled to the metadata under section 2018.030(b), and Plaintiffs may redact any 2018.030(a) material.

3

1  computers, for sure, but they generally don't become suddenly inoperable in a way that makes the
2  data on them unrecoverable.  If your laptop gets stolen, then yes, it's gone.  Or if you drop it in
3  lava in an active volcano, then yes, it's destroyed.  But the idea that you still have your computer,
4  and it wasn't physically destroyed, and it just stopped operating in a way that prevents an IT
5  professional from obtaining data on it, and this fact can be confirmed in a phone call, is not
6  believable.  The IT professionals, without even looking at the laptop, concluded nothing could be
7  done?  An attorney irretrievably loses work documents in multiple matters, and he just throws the
8  laptop in the trash without taking it to an IT professional to attempt to get access to the important
9  documents on it?  Oh, come on.

   The Court notes that Goff has a pattern of using alleged computer crashes as an excuse, which bolsters the Court's conclusion that the computer crash story in this case is also made up. *See Pumphrey v. Battles*, 2022 WL 20356183 (N.D. Cal. Aug. 8, 2022) (referring Goff to Standing Committee on Professional Conduct because, under penalty of perjury, he blamed a computer crash for his late filing but made a filing in another case on the same day as his alleged computer crash, and noting that Goff had similarly blamed computer crashes for his late filings in two other cases).

   Accordingly, the Court **ORDERS** Plaintiffs' counsel to produce the metadata (subject to the guidance provided above) for the notice of intent and proof of service for the notice sent to Bon Air Road.

   Now let's talk about timing.  Fact discovery closes on October 13, 2025, which is four days from now.  ECF No. 94.  As that is a federal holiday, the Court **ORDERS** Plaintiffs' counsel to produce the items required by this order by October 14, 2025.  The Court expects there could be further disputes that arise from this order.  As a reminder, under Civil Local Rule 37-3, any discovery-related motions concerning fact discovery (including any joint discovery letter briefs) are due no later than October 20, 2025 (that is, seven days after the close of fact discovery).  The commentary to the local rule provides a description of what "discovery-related motions" include.  It's unfortunate that this metadata issue was raised so late in discovery, but if either side wants to file a discovery-related motion concerning fact discovery after October 20, 2025, they will need to

ask Judge Chhabria whether he will modify the case schedule to allow that.

**IT IS SO ORDERED.**

Dated: October 9, 2025

_____
THOMAS S. HIXSON
United States Magistrate Judge

5