UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA LETICIA CASTANON GARCIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ST. MARY'S MEDICAL CENTER, et al.,<br><br>Defendants. | Case No. 24-cv-00058-VC (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 124 |

Plaintiffs move to compel the San Francisco District Attorney's Office to comply with their subpoena. The subpoena requested all documents, including all investigation reports, witness statements, photographs, video recordings, audio recordings, and writings, related to the critical incident investigation involving the in-custody death/injury of Omar Reyes on October 4, 2022, while in custody of the San Francisco Police Department. Plaintiffs contend the requested documents are relevant and not privileged and that the DA's office has not complied with the subpoena. They seek an order requiring the DA's office to produce all responsive documents within 20 days and awarding their expenses, including attorney's fees, incurred in making this motion.

The City and County of San Francisco opposes the motion. It argues that Plaintiffs failed to meet and confer in advance of bringing this motion. The DA's office states that it intends to produce to Plaintiffs documents that are responsive to the subpoena and that are not protected from disclosure by a privilege or confidentiality protection. The DA's office anticipates being able to complete its production by December 10, 2025. The DA's office adds that Plaintiffs have many of the requested documents already. The City requests that the Court deny the motion and award it the reasonable expenses, including attorney's fees, incurred in opposing the motion.

1    Rule 37(a)(1) requires a motion to compel to include a certification that the movant has in
2    good faith conferred or attempted to confer with the opposing party in an effort to obtain the
3    requested relief without court action, and this district's Civil Local Rule 37-1(a) contains a similar
4    requirement. It is true that Plaintiffs do not certify that they engaged in any meet and confer
5    specifically in connection with this subpoena. But that's not the whole story. San Francisco is not
6    a defendant in this case, but three San Francisco police officers are, and they are represented by
7    the City Attorney's Office, which also represents the City in responding to the subpoena. As
8    made clear in the City's opposition to the motion to compel, the reason Plaintiffs have many of the
9    responsive documents already is because the City did not limit the officers' document productions
10   to documents in the possession, custody or control of these individual officers but instead more
11   broadly produced what the DA's office had. For example, the individually named officers do not
12   likely have possession, custody or control of the autopsy report or the dispatch records. Thus,
13   although the City is not named as a defendant, for document production purposes, it was treating
14   the City – not the individually named officers – as the producing party. In reply Plaintiffs state
15   that they had repeatedly met and conferred with Defendants to get the requested records before
16   they resorted to subpoenaing the DA's office. The Court thinks Plaintiffs in effect did meet and
17   confer as required because they were conferring with the right lawyers, and the real discovery
18   counterparty in interest had always been the City.

19   As to the merits of the dispute, the City does not deny that the requested documents are
20   relevant and proportional to the needs of the case. Accordingly, the Court **GRANTS** Plaintiffs'
21   motion to compel and **ORDERS** the San Francisco District Attorney's Office to produce the
22   requested documents no later than December 10, 2025. For any documents the DA's office
23   redacts or withholds based on privilege or confidentiality, it must produce a privilege and
24   confidentiality log.

25   As for Plaintiffs' request for expenses, including attorneys' fees, the Court finds that
26   circumstances make an award of expenses unjust. Rule 37(a)(5)(A)(iii). Specifically, Plaintiffs
27   waited until 10 days before the close of fact discovery to serve this subpoena. Yes, technically
28   speaking that was timely. However, the Court thinks this discovery dispute could likely have been

2

1  avoided if the subpoena had been served earlier, which it should have been.  Accordingly,

2  Plaintiffs' request for an award of expenses is **DENIED**.

3      **IT IS SO ORDERED.**

5  Dated: December 3, 2025

                                                          THOMAS S. HIXSON
                                                          United States Magistrate Judge