UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA LETICIA CASTANON GARCIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ST. MARY'S MEDICAL CENTER, et al.,<br><br>Defendants. | Case No. 24-cv-00058-VC   (TSH)<br><br>**DISCOVERY ORDER AND RECOMMENDATION; ATTORNEY DISCIPLINE REFERRAL**<br><br>Re: Dkt. No. 119 |

So, here is what happened. Plaintiffs alleged in the Complaint, First Amended Complaint and Second Amended Complaint that "[a] timely Notice of Intent to Sue letter was submitted to St. Mary's Medical Center regarding the conduct of Defendant Katherine Tran." ECF Nos. 1 ¶ 16 (Complaint), 26 ¶ 16 (FAC), 85 ¶ 18 (SAC). If that unchanging allegation is true, Tran thinks the notice was defective because it was supposed to be sent to a different address (on Bon Air Road), and therefore (she believes) the claim against her is time-barred. You can imagine her surprise when she received in discovery a picture of a purportedly timely notice of intent to sue (ECF No. 110, .pdf page 14) accompanied by a proof of service that listed what she claims is her correct mailing address (*id.*, .pdf page 18). Tran's theory is that Plaintiffs' counsel, Stanley Goff, had no idea he mailed the notice to what Tran thinks is the wrong address until he got her motion to dismiss, which raised this issue, and then he created the second notice of intent to sue and proof of service and fraudulently back dated them to October 3, 2023.

Tran then filed a motion to compel seeking, among other things, the metadata for the notice and proof of service that allegedly went to Bon Air Road. ECF No. 109. In response, Plaintiffs said they could not produce the metadata because Goff no longer had it. Here is the explanation Goff provided at the hearing:

> At the hearing, Goff stated that the computer at issue was his work laptop, which was an old HP model. He said that one day it wouldn't turn on. He spoke to some IT professionals over the phone and they advised him just to get a new computer, so he threw the old one in the trash. Goff was not able to identify what exactly went wrong with his computer, but said the IT professionals mentioned some sort of tech thing, and he couldn't remember what it was. He said that all of his work documents were on that laptop, and many but not all were backed up to flash drives. He said he irretrievably lost not just the notice of intent in this case but also work documents in other cases he has. He said he did not have any IT professional look at or inspect his laptop to see if it could be fixed or the documents on it retrieved.

ECF No. 115 at 3.

The Court did not believe the computer crash story. *Id*. at 4 ("An attorney irretrievably loses work documents in multiple matters, and he just throws the laptop in the trash without taking it to an IT professional to attempt to get access to the important documents on it? Oh, come on."). The Court also noted that "Goff has a pattern of using alleged computer crashes as an excuse, which bolsters the Court's conclusion that the computer crash story in this case is also made up." *Id*. (citing *Pumphrey v. Battles*, 2022 WL 20356183 (N.D. Cal. Aug. 8, 2022) (referring Goff to Standing Committee on Professional Conduct because, under penalty of perjury, he blamed a computer crash for his late filing but made a filing in another case on the same day as his alleged computer crash, and noting that Goff had similarly blamed computer crashes for his late filings in two other cases)). Accordingly, the Court ordered Plaintiffs' counsel to produce the metadata for the notice of intent and proof of service sent to Bon Air Road by October 14, 2025. *Id*.

Instead, Goff filed a notice that he searched for the metadata for the notice of intent and proof of service sent to Bon Air Road, but was unable to find it. ECF No. 116. Two days later, at approximately 12:20 p.m., Plaintiffs' counsel emailed a "Notice of Partial Withdrawal of Plaintiffs' Evidence." ECF No. 119-1 ¶ 11 & Ex. H. It said: "Plaintiffs hereby provide notice that they are withdrawing the Notice of Intent to Sue and Proof of Service sent to Defendant Katherine Tran at the address of 250 Bon Air Road Greenbrae Ca 94904, previously provided as part of Plaintiffs' evidence on April 8, 2025, to support their claims against Defendant Katherine Tran." *Id*., Ex. H.

A little bit more than three hours later Tran filed the present sanctions motion. She seeks

1  terminating sanctions and monetary sanctions.

**A.     Terminating Sanctions**

Tran is seeking terminating sanctions pursuant to Rule 37(e) for failure to preserve the metadata and pursuant to Rule 37(b)(2)(A) for failure to comply with the Court's order to produce the metadata. She seeks one remedy for these violations: "dismissal of the action against her is an appropriate sanction because she is being unduly prejudiced and denied the ability to assert an affirmative defense/complete defense in this matter." ECF No. 119 at 8; *see also id*. at 9 ("For the forgoing reasons, Dr. Tran respectfully requests that the Court find that Plaintiffs intentionally destroyed metadata in order to prevent Dr. Tran from presenting her defense on expiration of the Statute of Limitations, a complete defense. Dr. Tran requests that the Court enter an order dismissing the action against her with prejudice as the Statute of Limitations has expired.").

The Court thinks that terminating sanctions are excessive. Viewing the evidence in the worst possible light, which is unfortunately the light it should be viewed in, what we have here is significant attorney misconduct. It looks like Goff likely did fraudulently backdate the notice to Bon Air Road, then concealed or eliminated the metadata that would show this, inventing an unbelievable computer crash story to explain the destruction or failure to produce the metadata. If this is what happened, it's awful.

But terminating sanctions affect Goff's clients, not him. Well, they affect him indirectly because he has likely taken this case on contingency, so terminating sanctions in Tran's favor would limit some of the fees Goff could collect in this case. However, the primary effect is still on his clients. The Court sees no reason to think that the Plaintiffs themselves are implicated in Goff's conduct. Further, the notices at issue are attorney written documents that the clients were not likely much involved in. Dismissing their claim against Tran would be unjust.

It's also a remedy that is greater than necessary to cure the prejudice. The fraud was the backdated notice to the Bon Air address, and Plaintiffs' withdrawal of that notice wipes out that so-called "evidence." This puts Tran back in the position she was in before the fraud occurred: Whether she was timely sued turns on the unresolved question of whether the notice to St. Mary's Medical Center was good as to her.

Accordingly, the Court **RECOMMENDS** that the District Court **DENY** the request for terminating sanctions.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), a party may serve and file any objections within 14 days after being served. Failure to file objections within the specified time may waive the right to appeal the district court's order.

### B.     Monetary Sanctions

Next, Tran moves for monetary sanctions. She argues: "'If the motion is granted…the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.'" ECF No. 119 at 8. Despite the citation error, this looks like a request for monetary sanctions under Rule 37(a)(5)(A). The two citations to ECF No. 115 look like she is seeking her fees in connection with her (mostly) successful motion to compel that resulted in the order at ECF No. 115. She seeks $1584, and cites paragraph 13 of the Ratner Declaration in support.

That paragraph says: "I spent 7.2 hours in the meet and confer process and preparation of this above-captioned notice. My hourly rate for this matter is $220.00 an hour. Sanctions in the amount of $1584.00, payable to the Goldman Law Firm are reasonable for this Rule 37 motion." ECF No. 119-1. But the above-captioned notice is the declaration in support of the sanctions motion and does not seem to have anything to do with the time spent on the motion to compel. And the referenced meet and confer looks like it took place after the order at ECF No. 115 issued, and thus was also related to the sanctions motion, not the motion to compel. *See* ECF No. 119-1 ¶ 10. It's true that if you win a motion to compel and then you move for your fees, you can also seek the fees you incur in making the request for fees. But here, the sanctions motion was overwhelmingly about terminating sanctions, and that effort failed. None of the 7.2 hours described in paragraph 13 were incurred directly in connection with the successful motion to compel. They were primarily incurred in connection with a failed effort to get terminating sanctions. There is no basis to award these monetary sanctions.

Accordingly, Tran's request for monetary sanctions is **DENIED**.

**C.     Attorney Misconduct**

"Every member of the bar of this Court . . . must . . . Practice with the honesty, care, and decorum required for the fair and efficient administration of justice . . ."  As described above, the evidence indicates that Goff likely fraudulently backdated the notice to Bon Air Road, then destroyed or concealed metadata that would have shown that, then lied to the Court with an implausible computer crash story to avoid admitting what he had done.  Pursuant to Civil Local Rule 11-6(a)(1), the Court **REFERS** Stanley Goff to the Standing Committee on Professional Conduct.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: January 12, 2026

THOMAS S. HIXSON
United States Magistrate Judge